IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| MARIE BANKS, | : | CIVIL ACTION |
| | : | NO. 14-82 |
| As Administratrix of the | : | |
| Estate of Darrell T. Banks, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        August 14, 2015


This case involves a fatal shooting by a Philadelphia
Police Officer. The motions at hand are the result of a lack of
diligence by Plaintiff's former counsel; he failed to comply
with several Court-ordered deadlines. When Plaintiff learned of
his errors, she retained new counsel, who now seeks an extension
of time to complete discovery and leave to amend to the
Complaint. For the reasons that follow, the Court will deny both
motions and dismiss all but one of Plaintiff's claims.

I.    **BACKGROUND**

On January 3, 2014, Marie Banks, acting as administratrix of the estate of her son Darrell T. Banks, filed a Complaint against the City of Philadelphia ("the City") and John Doe Police Officers. ECF No. 1.

The Complaint alleges that Darrell Banks, while unarmed and committing no crimes, was chased by the Philadelphia Police and fatally shot by one of them. The Complaint contains the following counts:

1.    Federal constitutional violations against the City of Philadelphia

2.    Federal constitutional violations against John Doe Police Officers

3.    Assault and battery against John Doe Police Officers

4.    Reckless disregard of safety against John Doe Police Officers

5.    Wrongful death against the City of Philadelphia and John Doe Police Officers

The City filed an Answer. ECF No. 6.

On May 30, 2014, the Court entered a Scheduling Order that: (1) required Plaintiff to substitute the name of the Officer involved in the case by June 9, 2014; (2) required Plaintiff to affirmatively indicate to the Court by July 30, 2014, that she intended to continue to pursue her municipal liability claim against the City, or else that claim would be

dismissed; (3) set the closure of fact discovery for November 25, 2014; and (4) set the summary judgment deadline for March 2, 2015. ECF No. 9. Ultimately, Plaintiff did not substitute the name of the Officer involved in the case or indicate to the Court that she intended to pursue her claim against the City by the deadlines the Court set. The City filed a Motion for Summary Judgment on March 2, 2015. ECF No. 10.

On March 19, 2015, Ryan Paddick withdrew as Plaintiff's counsel (having self-reported to the disciplinary board for his failures in this case), and Sandra Thompson began to represent Plaintiff. ECF Nos. 11-12.

Plaintiff then filed a Motion for an Extension of Time to Conduct Additional Discovery (on her municipal liability and wrongful death claims) and to answer the Motion for Summary Judgment. ECF No. 13. She also filed a Motion to Amend the Complaint in order to substitute the name of the Officer involved. ECF No. 16.

The Court held a hearing on the Motion for an Extension of Time on April 6, 2015. At the hearing, the Court took the motion under advisement and set deadlines for further filings as to the Motion to Amend (which had been filed shortly before the hearing). The Court also stayed all other deadlines, including the discovery schedule and the date by which Plaintiff

3

must respond to the Motion for Summary Judgment, until further order of the Court. ECF No. 18.

The parties then filed timely briefs on the Motion to Amend, and the Motion for an Extension of Time to Conduct Additional Discovery and Motion to Amend the Complaint are now both ripe for disposition.

## II.  MOTION FOR EXTENSION OF TIME

Plaintiff requests ninety additional days to complete discovery on counts one (Monell[1]) and five (wrongful death), both charged against the City. She requests relief under Federal Rule of Civil Procedure 56(d), which allows a court to provide more time to take discovery when a party seeking to respond to a motion for summary judgment "cannot present facts essential to justify its opposition."

There is a threshold issue,[2] though, that Plaintiff

---

[1]      Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

[2]      Or, as the Court labeled it at the hearing on this motion, an "intermediate step":

THE COURT: Well, but you see, the property – I mean, even the summary judgment rule has a mechanism for additional discovery. That is, under 56 . . . a party can request additional discovery. But, this isn't what is going on here.

What is going on here is that the lawyer gave up that claim, summary judgment was filed and then you said well, I want to put that claim back and then I want to take discovery, there is an intermediate step.

must overcome before the Court can consider the Rule 56 issue: whether her Monell claim must be dismissed, pursuant to the Court's Scheduling Order, because she failed to notify the Court by July 30, 2014, that she intended to pursue that claim.

Federal Rule of Civil Procedure 16(b)(4) provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." The Rule 16(b)(4) good cause inquiry "focuses on the diligence of the party seeking the modification of the scheduling order." Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) (Robreno, J.). That is, if the moving party "was not diligent, there is no 'good cause' for modifying the scheduling order." Id. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the inquiry should end.")).

---

That is, if you wanted additional discovery on the claims which proceeded to summary judgment, then the rule itself has a mechanism. You say I can't answer this motion because I need additional discovery and we could rule on that and that ordinarily would be granted.

But, the point here is this. At the time that the motion for summary judgment was filed that claim was not part of the case. The motion is filed and then the issue is then is there good cause to allow the claim to be restored to the case, the good cause being that the lawyer was negligent, right?

MS. THOMPSON: I would say yes, Your Honor.

Hr'g Tr. 15:14-16:10, ECF No. 23.

Plaintiff appears to argue that although her previous attorney, Ryan Paddick, "was not diligent in . . . requesting an extension of the corresponding deadlines," Pl.'s Br. 11-12, ECF No. 13-4, his failures should not be attributed to Plaintiff because she acted promptly upon learning of Paddick's errors, id.; see also Hr'g Tr. 14:17-25.

However, "[c]arelessness, or attorney error, . . . is insufficient to constitute 'good cause' under Rule 16(b)." Chancellor, 501 F. Supp. 2d at 701-02 (citing Johnson, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief [under Rule 16(b)].")) (holding that attorney's failure to plead an affirmative defense was insufficient to allow an amendment five months after the scheduling order's deadline); see also Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 102 (3d Cir. 2015) (holding that a party had not shown good cause where counsel could have been more diligent in conducting discovery, because "parties cannot avoid the consequences of the acts or omissions of [their] freely selected agent[s]" (internal quotation marks omitted)); Scott v. N.Y.C. Dep't of Corr., 445 F. App'x 389, 391 (2d Cir. 2011) (finding no abuse of discretion in the lower court's determination that the apparent negligence of plaintiff's former counsel was insufficient to establish "good cause" to amend the scheduling

order because plaintiff freely chose her attorney); Hazerci v. Technical Educ. Servs., Inc., No. 08-1092, 2009 WL 1515742, at *2 (E.D. Pa. May 29, 2009) (holding that attorney's self-declared miscalculation regarding the need to depose a witness did not constitute "good cause" to extend the discovery deadline, particularly because, among other reasons, the other party had already filed for summary judgment).

Courts have held that this is true even where a party was not informed of his attorney's actions. For example, in Marlowe Patent Holdings LLC v. Dice Electronics, LLC, 293 F.R.D. 688 (D.N.J. 2013), the court explained:

> Plaintiff's Motion appears to stem almost entirely from the withdrawal of previous counsel. Ex post facto disagreement with strategic decisions of counsel, made in the course of litigation, does not constitute good cause. The decision to retain Mr. Kaplan was Plaintiff's at the outset. It was similarly Plaintiff's obligation to monitor and approve Mr. Kaplan's proposed strategies and decisions throughout the course of this two and half year old litigation. Here, Plaintiff ratified — whether by action or inaction — Mr. Kaplan's decisions through claim construction briefing and completion of discovery, as set by the Scheduling Order. It was not until two months after discovery had closed that Plaintiff filed the instant Motion.

Id. at 701. Similarly, Plaintiff in this case freely chose her former counsel and "ratified" his decisions "by action or inaction" for well over a year from the initial filing of this suit on January 3, 2014, to the first time she became aware of her former attorney's negligence in March 2015. She was

obligated "to monitor and approve" Paddick's "proposed
strategies and decisions"; her failure to do so in the past does
not establish good cause now.

Moreover, any argument that Plaintiff has good cause
for an extension because the parties had allegedly created their
own informal discovery agreement must also fail. While parties
may stipulate to discovery procedures, Federal Rule of Civil
Procedure 29(b) requires that "a stipulation extending the time
for any form of discovery must have court approval if it would
interfere with the time set for completing discovery, for
hearing a motion, or for trial." See also Morgan v. 3M Co., No.
10-00238, 2011 WL 7573811, at *1 n.1 (E.D. Pa. Dec. 22, 2011)
(Robreno, J.) (declining to consider a late affidavit because
the plaintiffs "offered no justification for their failure to
disclose [the witness] in accordance with the timeline set forth
in the Court-issued scheduling order other than that the parties
agreed between themselves to alter the discovery schedule" and
the plaintiffs "offered no justification for failing to seek the
Court's approval of the parties' agreement to amend the
scheduling order, as would be required by Rule 29"). The parties
did not seek court approval in this case.

Therefore, because the failures of Plaintiff's freely
chosen attorney are attributed to Plaintiff, and attorney error
does not justify the modification of a scheduling order, she has

failed to show good cause, under Rule 16(b)(4), to modify the
Court's Scheduling Order. Pursuant to the Scheduling Order,
then, the Court will dismiss count one – Plaintiff's Monell
claim – because she failed to indicate by July 30, 2014, that
she intended to move forward with that claim. Accordingly, her
request for an extension of time to complete discovery on claim
one will be denied.

Plaintiff also requests an extension of time to
complete discovery on her other claim against the city – count
five, wrongful death – in order to be in a position to respond
to the pending motion for summary judgment. This request is
properly analyzed under Rule 56 rather than Rule 16, because it
does not involve threshold issues of claim dismissal pursuant to
a scheduling order. Rather, Plaintiff simply seeks additional
time to conduct discovery on this claim (which survives either
way) in order to respond to the City's Motion for Summary
Judgment.

Rule 56(d) provides that, after a motion for summary
judgment is filed, "[i]f a nonmovant shows by affidavit or
declaration that, for specified reasons, it cannot present facts
essential to justify its opposition, the court may: (1) defer
considering the motion or deny it; (2) allow time to obtain
affidavits or declarations or to take discovery; or (3) issue
any other appropriate order." The Third Circuit has held that an

9

affidavit requesting such discovery is adequate if it specifies
(1) "what particular information is sought; [(2)] how, if
uncovered, it would preclude summary judgment; and [(3)] why it
has not previously been obtained." Pa. Dep't of Pub. Welfare v.
Sebelius, 674 F.3d 139, 157 (3d Cir. 2012) (quoting Dowling v.
City of Philadelphia, 855 F.2d 136, 139-40 (3d Cir. 1988))
(internal quotation marks omitted). If the nonmoving party
submits an affidavit that meets these three requirements, the
Third Circuit has observed that "a continuance of a motion for
summary judgment for purposes of discovery should be granted
almost as a matter of course." Sames v. Gable, 732 F.2d 49, 51
(3d Cir. 1984) (quoting Costlow v. United States, 552 F.2d 560,
564 (3d Cir. 1977)). This is especially true where "relevant
facts are under control of the party moving for summary
judgment." Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015).

Here, Plaintiff has indeed submitted an affidavit that
clearly fulfills the first two requirements under Rule 56(d).
ECF No. 13-3. First, she has identified with specificity the
information she seeks – the records of the involved officers
(and others), prior citizen complaints against the involved
officers (and others), transcripts of prior depositions and/or
hearings, police and medical reports from the night in question,
and affidavits from witnesses. She also wishes to depose or re-
depose Defendants. Banks Aff. ¶ 15. Second, Plaintiff lays out a

detailed theory – more than a page in length – of how this
additional discovery would uncover facts that preclude summary
judgment. Id. ¶¶ 9-10.

Plaintiff has not, however, fulfilled the third
requirement – that she explain why the discovery she seeks has
not previously been obtained. This requirement is predicated on
the moving party's ability to "affirmatively demonstrate[], with
specificity, diligent efforts on his or her part and unusual
circumstances which have frustrated those efforts." Koplove v.
Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986). "A request for
relief under Rule 56([d]) is extremely unlikely to succeed when
the party seeking the delay has failed to take advantage of
discovery." Id. (quoting 10A Wright & Miller, Federal Practice
and Procedure § 2741 (1983)) (internal quotation marks omitted);
see also In re Asbestos Prods. Liab. Litig. (No. VI), No. 09-
9125, 2011 WL 1539883, at *3 (E.D. Pa. Feb. 22, 2011) (denying a
Rule 56(d) motion where there was "no evidence that plaintiff's
counsel pursued discovery in a diligent manner"). A showing of
diligence is required because "[t]he purpose of this rule is to
combat premature summary judgment motions by allowing 'a summary
judgment motion to be denied . . . if the nonmoving party has
not had an opportunity to make full discovery.'" Kosmoski v.
Express Times Newspaper, No. 08-1555, 2009 WL 2603152, at *1
(E.D. Pa. Aug. 24, 2009) (quoting Celotex Corp. v. Catrett, 477

U.S. 317, 327 (1986)). That is, the rule is not intended to protect those who have had an opportunity to complete discovery, but who failed to do so by their own lack of diligence.

Plaintiff makes two arguments regarding her failure to obtain the necessary evidence before the discovery deadline. First, she says, she was unaware of the deadline and of her previous counsel's failures. This argument is insufficient because the diligence requirement under Rule 56(d) applies to counsel as well as Plaintiff herself, see In re Asbestos Prods., 2011 WL 1539883, at *3, and Plaintiff "cannot avoid the consequences of the acts or omissions of [her] freely selected agent," Lehman Bros. Holdings, 785 F.3d at 102 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)) (internal quotation marks omitted).

Second, she argues that she was diligent because her previous counsel had an informal agreement with opposing counsel to extend discovery, and that agreement is imputed to her. This argument – that an informal discovery agreement between the parties demonstrates diligence on their parts – also fails. As discussed above, Rule 29(b) requires that informal agreements extending discovery be approved by the court. That is, informal discovery agreements are unenforceable, and so the Court declines to view this informal agreement – which was never

previously presented to the Court in any manner – as evidence of diligence on Plaintiff's part.[3]

Therefore, Plaintiff has failed to show that she was diligent in pursuing discovery, and so she is not entitled to the protections of Rule 56(d). The Court will thus deny the Motion for an Extension of Time to Complete Discovery.

### III. MOTION TO AMEND COMPLAINT

Plaintiff seeks to amend her Complaint under Rule 15 to substitute the name of Officer Jeffery McMahon for the John Doe Officers in the Complaint's caption and each paragraph therein. The Court's Scheduling Order set a specific time for

---

[3] The Court acknowledges that at least one other court in the Eastern District of Pennsylvania has held that in certain circumstances, an informal discovery agreement may be evidence of diligence for the purposes of Rule 56(d). See Kosmoski, 2009 WL 2603152. But those circumstances are not present here. In Kosmoski, the court determined that because the parties had an informal agreement to stay discovery until a scheduled settlement conference, the plaintiff, who had not completed discovery when the defendant filed a motion for summary judgment (before the settlement conference), was not "so lazy or dilatory that she [was] precluded from obtaining a Rule 56([d]) continuance of discovery." Id. at *4. Here, in contrast, the parties' informal agreement was to extend the time to complete discovery. Yet Plaintiff conducted no discovery after the expiration of the original discovery deadline of November 25, 2014 (more than three months before the summary judgment deadline, which the parties did not ask the Court to extend). Def.'s Resp. ¶ 14, ECF No. 14. As a result, this is not a case where a party filed a motion for summary judgment before an opposing party had a full opportunity to complete discovery. Rather, Plaintiff simply failed to take advantage of the opportunity she had – which, apparently, was informally extended beyond the opportunity afforded her by the Court.

making such a substitution, and that time has now expired.

As with the <u>Monell</u> claim, therefore, Plaintiff first must demonstrate that she has shown good cause under Rule 16(b).[4] Rule 16(b) governs as a preliminary matter where a party wishes to amend a complaint after the deadline mandated by the Court has expired. See <u>Clark v. Blackfoot-Bey</u>, No. 10-2683, 2012 WL 5383321, at *4 (E.D. Pa. Nov. 1, 2012) (Robreno, J.) ("If . . . a motion to amend is filed after the Court ordered deadline for amendments has passed, the moving party must first demonstrate good cause for failing to comply with the scheduling order."); <u>Price v. Trans Union, L.L.C.</u>, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (Robreno, J.) ("[W]here a party seeks to amend its pleadings after a deadline set by court order, the decision whether to allow the amendment is controlled by Rule 16(b)."); <u>Chancellor</u>, 501 F. Supp. 2d at 701 (noting the same). That is, a party seeking to make an amendment after a deadline set by a court order is effectively requesting not only leave to amend its pleadings, but also to modify the scheduling order.

---

[4] Once good cause is shown, a court may determine whether justice requires the amendment under Rule 15. See <u>Chancellor</u>, 501 F. Supp. 2d at 701 (denying motion to amend for lack of good cause but stating that had good cause been demonstrated, the next inquiry would be under Rule 15(a)); see also <u>E. Minerals & Chems. Co. v. Mahan</u>, 225 F.3d 330, 340 (3d Cir. 2000) (holding that 16(b) inquiry is followed by 15(a) inquiry, though not reaching the 15(a) issue because district court's decision to deny motion to amend for lack of good cause was affirmed).

14

Price, 737 F. Supp. 2d at 279.

As discussed above, attorney error – as is the case here – does not constitute good cause under Rule 16(b). Accordingly, the Court will deny the Motion to Amend. This result leaves counts two, three, and four as charged against only "John Doe Police Officers." "[A]n action cannot be maintained solely against Doe defendants." Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998). Therefore, the Court will also dismiss counts two, three, and four.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny both the Motion for an Extension of Time to Conduct Additional Discovery and the Motion to Amend the Complaint. The Court will also dismiss counts one, two, three, and four. An appropriate order follows.