```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARIE BANKS,                        :    CIVIL ACTION
                                    :    NO. 14-82
    as Administratrix of the        :
    Estate of Darrell T. Banks,     :
                                    :
         Plaintiff,                 :
                                    :
    v.                              :
                                    :
CITY OF PHILADELPHIA, et al.,       :
                                    :
         Defendants.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              March 30, 2016

      This case arises out of the fatal shooting of Darrell T. Banks ("Decedent") by Philadelphia Police Officer Jeffrey McMahon. Decedent's mother brings a wrongful death tort action against the City of Philadelphia ("Defendant" or "the City"). Defendant has moved for summary judgment on the basis of sovereign immunity. For the reasons that follow, the Court wil grant the motion.

I.  **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On January 4, 2013, Officer McMahon, along with several other officers, responded to a radio call about a possible home invasion by a 5'7" black male wearing all black clothing. The call also stated that the individual possibly had a silver handgun. McMahon Dep. 9:10-11:12, Oct. 15, 2014, ECF No. 33-1. When the officers surveyed the area, they saw only Decedent – a 6'0" black male wearing various brown, gray, black, and blue items of clothing, Medical Examiner Report 9-11, ECF No. 33-2 – who was knocking on the door of a different home than the one referenced in the original radio call. McMahon Dep. 10:11-13:1. A different officer, Officer Montanez, approached Decedent and identified himself as the police, at which time Decedent began to run away. Id. at 13:17-14:2. The officers followed, and caught up to Decedent as he entered an alley. Id. at 15:22-16:2. Office McMahon exited his car while telling Decedent to "show me your hands." Id. at 17:12-22. Decedent, who Officer McMahon estimates was eight to ten feet away from him and reaching into his waistband while running into the alley, began to turn around. Id. at 18:1-20:3. Officer McMahon saw a black object in Decedent's right hand, and fired two shots at Decedent. Id. at 19:18-21:4. Officer McMahon admits that he did not at any point see Decedent holding a weapon or throwing anything. Id. at 21:5-14. After he was shot, Decedent stated

2

that he had been reaching for his cell phone. Montanez Investigation Interview Record 21, ECF No 33-3.

Decedent died from his injuries that same night. Medical Examiner Report 9.

On January 3, 2014, Marie Banks, acting as administratrix of the estate of Decedent (her son), filed a Complaint against the City of Philadelphia ("the City") and John Doe Police Officers. The Complaint contains the following counts:

1. Federal constitutional violations against the City of Philadelphia;

2. Federal constitutional violations against John Doe Police Officers;

3. Assault and battery against John Doe Police Officers;

4. Reckless disregard of safety against John Doe Police Officers; and

5. Wrongful death against the City of Philadelphia and John Doe Police Officers.

The City filed an Answer.

On May 30, 2014, following an initial pretrial conference and pursuant to Federal Rule of Civil Procedure 16(b), the Court entered a Scheduling Order that: (1) required Plaintiff to substitute the name of the Officer involved in the case by June 9, 2014; (2) required Plaintiff to affirmatively indicate to the Court by July 30, 2014, that she intended to

continue to pursue her municipal liability claim against the City, or that claim would be dismissed; (3) set the closure of fact discovery for November 25, 2014; and (4) set the summary judgment deadline for March 2, 2015. Plaintiff did not substitute the name of the Officer involved in the case or indicate to the Court that she intended to pursue her claim against the City.

The City filed a Motion for Summary Judgment on March 2, 2015.

On March 19, 2015, Ryan Paddick withdrew as Plaintiff's counsel (having self-reported to the disciplinary board for his failures in this case), and Sandra Thompson began to represent Plaintiff. Plaintiff then filed a Motion for an Extension of Time to Conduct Additional Discovery – in order to make out municipal liability and wrongful death claims – and to answer the Motion for Summary Judgment. She also filed a Motion to Amend the Complaint in order to substitute the name of the Officer involved.

On August 17, 2015, the Court denied these motions, holding that Plaintiff had not demonstrated good cause to alter the Court's scheduling order. See generally Banks v. City of Philadelphia, 309 F.R.D. 287 (E.D. Pa. 2015). As a result, the Court also dismissed counts one, two, three, and four. Id. at 294. The only remaining claim is count five: wrongful death

against the City of Philadelphia.[1] As to that count, the Motion for Summary Judgment is now fully briefed[2] and ripe for disposition.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine

---

[1] Plaintiff moved for the Court to decline supplemental jurisdiction over this count. The Court denied her motion on December 15, 2015.

[2] Defendant filed a Motion for Leave to File Reply Brief, which the Court will grant.

issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

**III. MOTION FOR SUMMARY JUDGMENT**

Defendant argues that Plaintiff's wrongful death claim is barred by Pennsylvania's sovereign immunity provisions, which make the City and its employees immune from most suits brought under state law. Frazier v. SEPTA, 868 F. Supp. 757, 761-62 (E.D. Pa. 1994). There are a few exceptions to this general rule, however. First, the Commonwealth has waived immunity where local agencies or their employees have acted negligently in eight specific categories of cases enumerated in 42 Pa. Cons. Stat. § 8542.[3] Plaintiff concedes that her claim does not fall into one of those eight categories. She argues instead that a second type of exception applies: the "willful misconduct" exception, found at 42 Pa. Const. Stat. § 8550.

---

[3] The categories are: (1) vehicle liability; (2) care, custody, or control of personal property; (3) care, custody, or control of real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals. 42 Pa. Cons. Stat. § 8542.

Pennsylvania "does not grant immunity to government employees whose conduct goes beyond negligence and constitutes 'a crime, actual fraud, actual malice or willful misconduct.'" Spiker v. Whittaker, 553 F. App'x 275, 281 n.6 (3d Cir. 2014) (nonprecedential) (quoting 42 Pa. Cons. Stat. § 8550). Willful misconduct is "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). Plaintiff argues that the conduct of Officer McMahon, who shot her son, rises to the level of willful misconduct, and thus that sovereign immunity does not apply to this case.

Plaintiff may well be right that, viewing the facts in the light most favorable to her, a reasonable jury could conclude that Officer McMahon acted with willful misconduct.[4] But Officer McMahon is not a defendant in this case. Only the City is, and so the question is whether § 8550 operates to strip the City of its immunity as a result of Officer McMahon's alleged willful misconduct.[5]

---

[4] As Plaintiff urges, "[t]he decision is for the jury whether Officer McMahon engaged in willful misconduct by intentionally shooting an unarmed man in the back as he ran away when there was no probable cause to arrest decedent." Pl.'s Mem. Law 13, ECF No. 33-5.

[5] According to Plaintiff, her remaining claim "is against the City of Philadelphia, a local agency, for damages

Section 8550 provides that

> [i]n any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

Pennsylvania and federal courts have consistently held that this exception applies only to the immunity of agency employees, and not to the agencies themselves. As Judge Goldberg recently explained:

> By its terms, application of this section withdraws protections that flow from four separate and specific provisions (42 Pa. Con. Stat. § 8545, 8546, 8548, 8549). The statute does not mention immunity set forth in 42 Pa. Con. Stat. § 8541, which is the provision that immunizes [local agencies]. Pennsylvania courts have thus concludes that section 8550 "only abolishes immunity for willful misconduct which pertains to local agency employees . . . and thus does not affect the immunity of local agencies." King v. Breach, 540 A.2d 976, 979 (Pa. Cmwlth Ct. 1988). Federal cases, including DiSalvio v. Lower Merion School District, 158 F. Supp. 2d 553 (E.D. Pa 2001) [], are in accord. See, e.g., Joseph M. v. Northeastern Educ. Intermediate Unit 19, 516 F. Supp. 2d 424, 444 (M.D. Pa. 2007) (dismissing school district based on immunity, while concluding that individual defendants could be held liable based on willful misconduct exception); DiSalvio, 158 F. Supp. 2d at 563-64 (dismissing claims against district while permitting claims against individuals to go forward on

---

caused by the intentional acts and the willful misconduct of Defendant's employee, Officer McMahon, that caused the wrongful death of decedent, Plaintiff's son." Pl.'s Mem. Law 13.

willful misconduct theory).

Viney v. Jenkintown Sch. Dist., 51 F. Supp. 3d 553, 557 (E.D. Pa. 2014); see also Fox Fuel v. Del. Cty. Sch. Joint Purchasing Bd., 856 F. Supp. 945, 955 n.9 (E.D. Pa. 1994) (reviewing a dozen Pennsylvania and federal cases holding "that § 8550 distinguishes sharply between local agencies and the employees of those agencies, with the local agency retaining its immunity even in the presence of willful misconduct by its employees").

Accordingly, while Officer McMahon might not be entitled to the protections of sovereign immunity due to section 8550 – at least for the purposes of summary judgment – were he a defendant in this suit, the City retains its sovereign immunity despite claims that arguably rise to willful misconduct on the part of Officer McMahon. The City can be sued only for negligent conduct falling into one of the eight exceptions listed in section 8542. As Plaintiff concedes that none of those exceptions apply to her wrongful death claim, the Court will grant Defendant's Motion for Summary Judgment and grant judgment to the City as to this claim.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants the Motion for Summary Judgment and grants judgment to the City.